[Sac. No. 524.  Department Two.—November 6, 1899.]
ANNIE McGUIRE et al., Respondents, v. P. C. LYNCH, Appellant.

ESTATES OF DECEASED PERSONS—ORDER SETTING APART ESTATE LESS THAN FIFTEEN HUNDRED DOLLARS—TITLE—TENANCY IN COMMON.—Under the amendment of 1880 to section 1469 of the Code of Civil Procedure, construed in connection with section 1468 of the same code, an order setting apart the estate of a deceased person of less value than fifteen hundred dollars vested title to an undivided half thereof in the widow, and to the other undivided half thereof in the minor children, as tenants in common.

EJECTMENT—ACTION BY WIDOW AND CHILDREN—DEED OF WIDOW—MORTGAGE—DISMISSAL AS TO WIDOW—JURISDICTION.—In an action of ejectment brought by the widow and children of a deceased person to recover real property set apart to them under section 1469 of the Code of Civil Procedure, where the defendant claimed under a deed from the widow, the fact that the widow ceased to be a party to the action did not deprive the court of jurisdiction to determine that the deed was intended as a mortgage, rather than a conveyance, in so far as that question was material to the issues made between the defendant and the children.

ID.—STATUTE OF LIMITATIONS—MORTGAGEE IN POSSESSION.—The widow having permitted the defendant to enter into possession of her interest in the estate for the purpose of paying a debt due from her to him from the rents, under the deed intended as a mortgage, the statute of limitations could not begin to run in his favor prior to the date of an actual ouster and denial of her title by him.

ID.—RIGHT OF POSSESSION BY MORTGAGEE—ADVERSE CLAIM—TRESPASS—RECOVERY BY CHILDREN AS TENANTS IN COMMON.—The deed of the widow intended as a mortgage, of its own effect, conveyed no right of possession upon the defendant; and where the defendant claimed absolute title under the deed, and denied any tenancy as mortgagee in possession under the widow, and claimed to hold adversely to the widow and children, he may be treated as a trespasser, and the children, as the owners of an undivided half of the premises, may recover from him the possession of the entire property.

ID.—RECOVERY OF RENTS.—The widow being entitled to one-half of the rents of the real property so set apart, the minor children cannot recover from a trespasser in possession more than one-half of the rents. The defendant remains liable to an action by the widow in relation to her portion of the rents.

APPEAL from a judgment of the Superior Court of Solano County.  A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

H. H. McPike, for Appellant.

Frank R. Devlin, for Respondents.

TEMPLE, J.—Annie McGuire and four of her children sue in ejectment to recover the demanded premises, with damages for withholding the same.

A demurrer was sustained to the complaint of Annie McGuire, and she failed to amend, but the suit was continued by the other plaintiffs. Defendant denied all the material allegations of the complaint, and pleads the statute of limitations.

The court finds, in substance, that in 1880 the property belonged to one Patrick McGuire, who was the father of the plaintiffs and the husband of the said Annie McGuire. He died in that year intestate, and the probate court duly set aside and assigned all the property of the estate to the widow and minor children for their support, under section 1469 of the Code of Civil Procedure. That section then provided that if the value of the estate be found to be less than fifteen hundred dollars the court shall assign for the use and support of the minor children the whole estate, after certain payments, and there shall be no further proceedings in the administration unless further estate be found.

It was further found that on the sixteenth day of April, Annie McGuire executed and delivered to defendant an instrument in writing, purporting to be a deed, but in fact a mortgage, which has never been foreclosed. On the twenty-eighth day of September, 1890, defendant ousted plaintiffs, and has since unlawfully withheld said premises from plaintiffs. The value of the use and occupation is found to be seven hundred and eighty dollars, for which amount judgment was rendered, after deducting two hundred and forty-nine dollars for the care and preservation of the property and for taxes.

Whether there was error in making the deductions is not a question here, for the plaintiffs have not appealed.

In effect, although not expressly, the court finds that the defendant is a naked trespasser, without right or title to any extent in the demanded premises. The evidence was ample to

support the finding that the deed to Lynch was a mortgage. It is contended that the court had no jurisdiction to determine that the deed from Mrs. McGuire was a mortgage, rather than a conveyance, because Mrs. McGuire had ceased to be a party to the action. If the question was material to the issues made between plaintiffs and defendant, so far the court was bound to determine the matter. As to the statute of limitations, the court did not find that issue in favor of defendant, nor did the court find that the right of Annie McGuire was barred by defendant's adverse possession. Nor, indeed, does the evidence show that her right was barred by the statute. She testified that when defendant demanded possession of the premises she told him she would give him possession, that he might pay the debt due him from the rents. That being so, his possession was not adverse, and the statute did not begin to run.

The bill of exceptions is a mere skeleton statement. Many documents are referred to as introduced, and it is said, "Here insert plaintiffs' exhibit," et cetera, but the documents do not appear in the bill of exceptions. We can only conclude, therefore, that they are exactly as stated in the findings. It is found that the whole of the estate of Patrick McGuire was by the probate court "assigned to said widow and minor children for their use and support, and declared to be the property of said widow and minor children under and by virtue of the provisions of section 1469 of the Code of Civil Procedure of California." That section, as it then read, does not expressly state to whom the estate shall be assigned, but simply that it shall be assigned for the use and support of the widow and minor children. The preceding section, however, which is in the same chapter, provides that "when property is set apart to the use of the family under the provisions of this chapter . . . . if the decedent also left a minor child, or children, the one-half of such property shall belong to the widow or surviving husband, and the remainder to the child, or in equal shares to the children if there be more than one." In the absence of special provision in section 1469, this must control.

The children, therefore, were properly held to be entitled to an undivided one-half of the demanded property. The deed to defendant, being a mortgage, conveyed to defendant no interest

in the property and no right of possession. Annie McGuire testified, in substance, that defendant was in possession as her tenant, but defendant denied this and claimed to hold adversely. If he had admitted the tenancy plaintiffs could only have recovered an undivided one-half. But the court found, according to his own testimony, that he was a mere trespasser. Plaintiffs therefore, properly recovered possession of the entire property.

I see no plausibility, however, in the theory adopted by the court as to the rents. The widow was the owner of an undivided one-half and was entitled to the use of one-half for her support. Indeed, there is much more force in the contention that being bound for the support of her minor children she can claim all of it, than that the children can do so. The defendant is still liable to a suit by her for her portion.

The cause is therefore remanded, with directions to the superior court to modify the judgment by deducting one-half of the sum recovered for rents and profits, and as modified the judgment is affirmed.

McFarland, J., and Henshaw, J., concurred.